IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 1:06cr91-WHA |
| | ) | |
| DEXTER LAMOND SMITH | ) | |

**DEFENDANT'S MOTION IN LIMINE
TO PROHIBIT INTRODUCTION OF EVIDENCE OBTAINED
FROM COMPUTER ANALYSIS**

COMES NOW the Defendant, **DEXTER LAMOND SMITH**, by and through undersigned counsel, Jennifer A. Hart, and moves *in limine* for an Order prohibiting the Government from introducing at trial in this matter any evidence seized from the computer used by Dexter Smith while employed at Ft. Rucker.

On April 5, 2006, Dexter Smith was charged in a 2 count Indictment with offenses involving the receipt/possession of child pornography. Count I charges that Mr. Smith knowingly received images of child pornography, in violation of 18 U.S.C. § 2252(a)(2). Count 2 charges that Mr. Smith possessed child pornography on a government computer, in violation of 18 U.S.C. § 2252A(a)(5)(A).

In May of 2005, Dexter Smith was employed as a civilian employee in the Aviation Life Support Equipment (ALSE) Shop at Ft. Rucker, Alabama. On May 19, 2005, Major James Wideman, Headquarters Company Aviation Regiment, advised the Ft. Rucker Criminal Investigation Division (CID) that there was suspected child pornography located on a government computer. Major Wideman had received information from LTC Dowd that the Information Management Officer (IMO) Daniel Bateman, had discovered lewd pictures on a government computer.

The investigation into the charges against Dexter Smith began on May 16, 2005 when Stanley Turnage received information from the Department of Information Management that a "malicious code" had been detected on a computer in his unit. Turner contacted Information Manager Officer (IMO) Daniel Bateman and informed him of the potential computer virus. Bateman was instructed to locate the computer and reformat it. Bateman, however, did not initially know which computer was suspected of having a virus.

Eventually, Bateman discovered that the computer in question was assigned to the Aviation Life Support Equipment Shop (ALSE) and was used by at least nine employees, both military and civilian. The Internet account used to access the lewd sites was assigned to SSG Leonard DeJesus who, at that time of the examination, was in Pakistan. Nevertheless, Bateman, Turnage, and SSG Confresi went to ALSE to access the computer. Bateman searched the temporary internet directory to verify activity during the time in question. He discovered that all the files had been deleted and only the "cookies" remained. Bateman sorted the "cookies" by last access date and printed out a list.

According to Bateman, after advising his "chain of Command" that some of the sites might contain child pornography, Bateman sought and was granted permission to recover and undelete the files contained in the Internet cache to verify whether the computer contained images of child pornography. Bateman attached a USB hard drive containing a program entitled "Recovery for All" to the computer and then scanned the hard drive for deleted files. Bateman described his examination as follows:

> I then executed the program from the USB drive ands scanned the "C" drive for deleted files. I navigated through the directory tree and the program displayed. Starting with "C" drive, then documents and setting directories, then SSG DEJESUS directory, then to the local settings directory, then to the temporary internet directory, then to the

> content I.E.5 directory. Inside of the last directory were approximately 24 cache directories. I then opened each cache directory and recovered each file contained in those directories to the U.S.B. drive and subsequently numbered directories. I then opened one of the recovered directories and verified that there was what I believed child pornography.

Bateman also stated that he did a search for JPEG images and discovery approximately 3000 images. According to Bateman, 30 to 40 % of the images were "regular" pornography.

After Bateman's examination, Bateman, Turnage and Wideman took the computer hard drives and turned them over to CID. Eventually, the computer hard drives were sent to Department of the Army Computer Media Examiner Erwin Risher for analysis. Mr. Risher was able to recover approximately 40 photographs which appeared to be child pornography from the government computer.

The Government has provided notice that it intends to call Mr. Risher as an expert witness to testify at trial and has provided both a copy of his curriculum vitae and his forensic report. The Government also provided the Defendant and his expert witness, Ms. Jimmie Fisher, with the opportunity to examine the computer. However, because SFC Bateman examined the computer prior to the time it was turned over to an expert for analysis, it is no longer possible to obtain an accurate history of the times and dates when files were accessed, who accessed them, how they were received or when or if they were ever viewed, emailed or in any way manipulated by the Defendant or any other one of the numerous persons who had access to the computer.

In order to conduct an appropriate forensic analysis of the computer, Bateman should have made a "mirror image" of the computer's hard drive. He did not. What he admittedly did was open the to undelete, recover and open files in the computer cache using a shareware program. By doing

this, Bateman has essentially created a new "history" of the Internet activity of the computer. In fact, documents provided by Mr. Risher, the Government's expert, show that pornographic websites were accessed both before and after Dexter Smith's employment at Ft. Rucker. The Defense simply cannot recreate a valid picture of what occurred on the government computer. (See attached Affidavit of Computer Systems Administrator Jimmie Fisher)

An accurate Internet history is vital to Mr. Smith's theory of defense. However, because the evidence has been contaminated by the non-expert examination of SFC Bateman, an accurate history was not obtained by the Government's own expert and therefore could not be reviewed or analyzed by Mr. Smith's expert.

**WHEREFORE**, for the foregoing reasons, Dexter Smith respectfully requests that this Court prohibit the Government from introducing at trial any evidence or testimony regarding the analysis of the computer at issue in this case.

Dated this 11th day of September 2006.

    Respectfully submitted,

    s/Jennifer A. Hart
    **JENNIFER A. HART**
    FEDERAL DEFENDERS
    MIDDLE DISTRICT OF ALABAMA
    201 Monroe Street, Suite 407
    Montgomery, AL 36104
    Phone: (334) 834-2099
    Fax: (334) 834-0353
    jennifer_hart@fd.org
    AL Bar Code: HAR189

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 11, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David Cooke.

      Respectfully submitted,

      s/Jennifer A. Hart
      **JENNIFER A. HART**
      FEDERAL DEFENDERS
      MIDDLE DISTRICT OF ALABAMA
      201 Monroe Street, Suite 407
      Montgomery, AL 36104
      Phone: (334) 834-2099
      Fax: (334) 834-0353
      jennifer_hart@fd.org
      AL Bar Code: HAR189