IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO: 1:06CR91-WHA |
| | ) | |
| DEXTER LAMOND SMITH | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO
PROHIBIT INTRODUCTION OF EVIDENCE OBTAINED
FROM COMPUTER ANALYSIS**

COMES NOW the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and respectfully submits its *Response to Defendant's Motion in Limine to Prohibit Introduction of Evidence Obtained From Computer Analysis*. In support thereof, the Government offers the following:

**Facts:**

On Monday, May 16, 2005, officials at Fort Rucker Army Base learned that someone at the base had used one of their computers to access a web site containing malicious code[1] on or about May 14, 2005, between 1:26 am and 3:09 am. Their Directorate of Information Management ordered the Information Officers (IO's) to find the computer involved, and reformat the hard drive.

IO Daniel Bateman located the subject computer, and searched the temporary internet directory to verify activity between the times in question. Bateman discovered that someone had deleted the internet history, with the exception of the cookies. Bateman then sorted the cookies by last access date, and located the times in question. He then printed a list of all the tracking

---

[1] The exact nature of the malicious code is unknown; although typical threats could involve implanted software, a chunk of data, or sequence of commands that seek to take advantage of a computer system.

cookies. Viewing the list, Bateman noticed that the names of the web sites on the cookies list were indicative of web sites relating to child pornography.[2] He notified his chain of command, LTC Dowd, of this development. Dowd advised he would consider whether to notify the Criminal Investigative Division (CID).

The next day, Dowd advised Bateman that he did not believe there was enough evidence to notify (CID). Bateman then offered to recover some of the deleted temporary internet files, in order to determine if there was any child pornography in those files, and received the order to proceed.

Bateman recovered a number of deleted files which contained child pornography. Once he advised his superiors of this find, the computer and hard drive were secured and submitted to CID. Later, Erwin Risher of the Army's Criminal Investigation Laboratory conducted a complete forensic evaluation of the subject computer and hard drive. The Government expects him to testify that Bateman's discovery did not alter the reliability of his analysis. On the contrary, the Government expects that Risher will testify that Bateman's recovery of the deleted images only changed the file dates for those particular images.[3] Nothing about the content of the images was changed, only the file dates. Risher discovered other images similar to those recovered by Bateman. These access dates on these images were not affected by Bateman's limited recovery of the contraband.

---

[2] It is important to note that the print out of the cookies shows the last date of access for certain websites, such as "underground-love.com". The "underground-love" logo appears prominently on many of the image files that Bateman recovered. The Government has served a copy of the print out of the list to the defense, and has displayed the subject images as well.

[3] Bateman's use of the recovery program changed the date created and date modified of the subject image files to the date that Bateman discovered the contraband (images of child pornography). Normally, these dates would reflect the date the file was first accessed by the computer user, as well as the dates the user last accessed or modified the image.

The defendant has admitted to accessing child pornography using the subject computer. The recovery of images, consistent with his description of the child pornography, merely corroborates his own statement. Any change in the file dates of the subject images, does not unduly prejudice the defendant,[4] nor render the analysis of the computer unreliable or inadmissible. At most, Bateman's method of discovering the contraband goes to the weight and credit that the jury may give the analysis.

Based on the foregoing, the Government respectfully requests that the Court deny the defendant's's motion and allow the Government to introduce the results of the forensic examination.

Respectfully submitted this 25th day of September, 2006.

>LEURA G. CANARY
>UNITED STATES ATTORNEY
>
>/s/ K. David Cooke, Jr.
>K. DAVID COOKE, JR.
>Assistant United States Attorney
>Post Office Box 197
>Montgomery, Alabama 36101-0197
>Phone: 334.223.7280
>FAX: 334.223.7135
>E-mail: david.cooke@usdoj.gov

---

[4] The appropriate standard for deciding this issue is whether the prejudice to the defendant "substantially" outweighs the probative value. FRE 403.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CASE NO: 1:06CR91-WHA |
| | ) | |
| **DEXTER LAMOND SMITH** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Jennifer Hart, Esq., and Michael Peterson, Esq.

                                                                                           Respectfully submitted,

                                                                                          LEURA G. CANARY
                                                                                          UNITED STATES ATTORNEY

                                                                                          /s/ K. David Cooke, Jr.
                                                                                          K. DAVID COOKE, JR.
                                                                                          Assistant United States Attorney
                                                                                          Post Office Box 197
                                                                                          Montgomery, Alabama 36101-0197
                                                                                         Phone: 334.223.7280
                                                                                         FAX: 334.223.7135
                                                                                         E-mail: david.cooke@usdoj.gov