IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| vs. ) | CR. NO. 1:06cr091-WHA |
| DEXTER LAMOND SMITH ) | |

**ORDER**

This case is before the court on Defendant's Motion in Limine to Prohibit Introduction of Evidence Obtained from Computer Analysis (Doc. #22). Oral argument was had on this motion on October 5, 2006, at which time the court also heard testimony from the expert witnesses for the United Sates and the Defendant. The court has carefully considered that, together with briefs of the parties, and has viewed the images of alleged child pornography which the Government wishes to have admitted in evidence. Having done so, it is hereby ORDERED as follows:

1. The motion is DENIED insofar as it seeks to prohibit any and all evidence or testimony regarding the analysis of the computer at issue in this case. The court determines that the Government's expert, Mr. Risher, will be allowed to testify as to what he found on his inspection and his opinions as to what the findings mean, subject to objections at trial as to specific opinions offered. The weight of his opinions may be attacked on cross-examination based on the effect of Mr. Bateman having failed to make a "mirror image" of the hard drive and, if appropriate, by opposing expert testimony. The admissibility of specific images recovered during Mr. Risher's inspection are dealt with separately below.

2. File Folder #3 - This folder contains the images that Mr. Risher recovered from erased images in the internet cache of the subject computer. These images all have file dates of May 14, 2005. The Defendant objects to only three of these images, being those labeled "_b06[1]",

"_b04[1]", and _02[1]."  The objection is that they appear to be partially erased.  One of these images, "_02[1]", shows what appears to be some type of erasure at the bottom, but the court finds that this does not foreclose its admission.  If Mr. Risher testifies that this is the way it appeared when he looked at it, it is what it is and will be admitted.  If he testifies that it is different from when he saw it, he will be allowed to explain the difference and the image will still be admitted.  The court has been unable to view the other two because, when directions are followed as to viewing, the screen shows "Error Reading File."  If, however, the only objection is the same as was made to the first, the ruling is the same.

The Government must organize these images so that they will be clearly identified in the record.  The court suggests that this be done with a separate disc labeled with a specific exhibit number.

3.  File Folder #2 - This folder contains the files recovered by Daniel Bateman from the hard drive on May 19, 2005.  Since Mr. Bateman did not make a "mirror image" before examining the hard drive, the only last date of entry shown at the time of Mr. Risher's examination is the date of entry by Mr. Bateman.  The suspected images of child pornography that Mr. Bateman recovered are in sub-folder D, in sub-folders marked "Recovered", "Recovered3", "Recovered20", "Recovered21", "Recovered22", and "Recovered23."  The Defendant objects to the introduction of all images contained in these folders, on the grounds that they are irrelevant since the Government cannot show that these were viewed by the Defendant at an earlier date, and that, even if somehow relevant, their probative value is substantially outweighed by the danger of unfair prejudice, making the images inadmissible under *F.R.E. 403*.

The United States argues that these images are relevant because they were found by Mr. Risher when he went to one or more of the web sites shown on the computer's cookie list to have been accessed on May 14, 2005, at a time when the Defendant was at work and had access to the computer. The evidence submitted by the parties on this matter satisfies the court that this is sufficient to make relevant the testimony of Mr. Risher as to the general nature of these web sites and as to images he viewed there which might have been consistent with the type images which the Defendant admitted he viewed. As to whether the specific images themselves might be admitted in evidence and viewed by the jury, the court must balance the probative value versus the danger of unfair prejudice under *F.R.E. 403*.

The court has viewed these images. Many of them are extremely graphic, showing more than mere nudity. Considering the fact that there will be no evidence as to which, if any, of these specific images were actually viewed by the Defendant on May 14, 2005, the fact that there will be 11 other pictures of alleged child pornography in evidence, and the fact that Mr. Risher will be allowed to testify as to pictures he saw there which were similar to what the Defendant admitted viewing, the court finds that the probative value of these images is substantially outweighed by the danger of unfair prejudice which would result from the jury viewing these 33 additional images, most of which are extremely graphic and unnecessarily cumulative. Therefore, the court GRANTS the Defendant's Motion in Limine as to these images and will not admit them in evidence.

DONE this 12th day of October, 2006.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE