IN THE UNITES STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CR. NO: 1:06CR91-WHA |
| | ) | |
| DEXTER LAMOND SMITH | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
IN LIMINE TO PROHIBIT THE GOVERNMENT FROM
DISPLAYING IMAGES IN OTHER THAN THEIR NATIVE FORMAT**

COMES NOW the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and hereby makes this its *Response to Defendant's Motion in Limine to Prohibit the Government From Displaying Images In Other Than Their Native Format*. In support thereof, the Government offers the following:

The defendant has asked that the Government be prohibited from displaying the images "other than in their native format." The defendant has cited no authority that stands for this position.

In support of his motion, the defendant has alleged that 1: "[a]llowing the Government to display these images in a state larger than they actually appeared to Dexter Smith (or anyone else who viewed them) would be prejudicial to the Defendant;" and 2: "would prevent the Defense from advancing its theory of the defense."

**1. Magnifying or enlarging the images does not unduly prejudice the defendant.**

The jury has a right and an obligation to examine the evidence in this case closely. In particular, the age of the victims depicted in each photo is a question for the jury. *United States v. Sims*, 428 F.3d 945, 957 (10th Cir. 2005), following *United States v. Kimler*, 335 F.3d 1132 (10th Cir. 2003). The best evidence of whether the images are, in fact, child pornography, is the images

themselves, and their admission is not unfairly prejudicial. *United States v. Fox*, 248 F.3d 394, 410 (5th Cir. 2001). Some of the photos are readily recognizable as children. However, some of the photos are quite small, and it would assist the trier of fact to be able to examine the images as closely as possible. Because the age of each child is an issue (except with regard to the "known" victims), the jury ought to be able to examine each image in a manner that allows them to fulfill their duty and obligation as fact finder.

Determining the exact nature of each image is not only evidence of what is depicted in that particular image, but it also is probative as to the nature and character of the remaining photos; each could logically be viewed in light of the others, as a part of a series. This is especially true given that many of the images appear to have been viewed at the same time. Additionally, the number of images and the nature and character of each image, coupled with the internet history, the internet cookies history, and the defendant's statement, will shed light on the intent of the defendant in receiving, possessing, viewing, and deleting the subject images. Because allowing the jurors to examine the images as closely as possible is both necessary and helpful to determining facts which are at issue in this case, any prejudice to the defendant does not substantially outweigh the probative value, and the defendant's motion should be denied.

**2. Magnifying or enlarging the images does not prevent the defendant from advancing his theory of the case.**

The defense also alleges that allowing the jury to see enlarged images will somehow prevent them from advancing their theory of defense. However, the defendant offers no reason why the jury's viewing of larger images will prevent that.

The defendant further alleges that all of the images the government intends to introduce are thumbnails or banners. He seems to argue that since the images appear to be merely

thumbnails or banners, the defendant did not seek to possess or receive the images.

A thumbnail is a small image that typically appears as a part of a group, so that a viewer can view all of the images at once. Often times, but not always, a viewer may be able to click on a thumbnail image so that a separate, larger, and higher-resolution version of the image appears on the screen. The Government expects the evidence to show that if thumbnail image were so enlarged, it would appear as a separate and distinct file in the internet cache, in addition to any thumbnail image that appeared. However, often times clicking on a thumbnail image will merely take a viewer to another web page that features other similar thumbnail images. Because all of the child pornography recovered in this case had been erased, there is no way to tell if the defendant viewed the images in their original form, clicked on and enlarged them, or clicked on them and was taken to another site featuring more of the same type of images, or even if he clicked on the image and it did nothing at all. What we do know, however, is that on May 14, 2005, the defendant viewed child pornography at 2:07 a.m., that he was still viewing child pornography at 2:53 a.m., and that he viewed a number of child porn images in between those times.

Despite the evidence that corroborates the defendant's statement that he intentionally went to web sites that feature child pornography, the defense intends to offer a theory that the defendant "tried to close" or "delete [child porn images] before the image came into full view." The defendant has further alleged that "a forensic analysis of the computer shows that the images in question were never enlarged or manipulated by the defendant." The defendant makes these allegations even though much of the data on the computer was apparently erased, and it is impossible to tell what image or images were enlarged on the screen. Indeed, all of the images the government intends to introduce had been erased, and a few of the images were beginning to

be over-written. According to Forensic Examiner Erwin Risher, the over-writing process is what caused some of the images to appear incomplete or contain white borders. The Government does not expect any credible evidence to establish that trying to "close [an image] or delete it before the image came into full view" will cause image files to appear partially over-written, as the defendant has theorized. Regardless, even if the defense intends to argue that the defendant intended to erase an image before it came into full view, displaying the image in a larger, easier to view format does nothing to prohibit the defense from advancing that theory. Because presenting the images in a larger, easier to view format does not prevent the defense from advancing its theory of the case, the Court should deny the defendant's motion in limine.

Respectfully submitted this 19th day of October, 2006.

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ K. David Cooke, Jr.
K. DAVID COOKE, JR.
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
Telephone: 334.223.7280
FAX: 334.223.7135
E-mail: david.cooke@usdoj.gov

IN THE UNITES STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CR. NO: 1:06CR91-WHA |
| ) | |
| DEXTER LAMOND SMITH ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 19, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Jennifer Hart, Esq., and Michael Peterson, Esq.

    Respectfully submitted,

    LEURA G. CANARY
    UNITED STATES ATTORNEY


    /s/ K. David Cooke, Jr.
    K. DAVID COOKE, JR.
    Assistant United States Attorney
    Post Office Box 197
    Montgomery, Alabama 36101-0197
    Telephone: 334.223.7280
    FAX: 334.223.7135
    E-mail: david.cooke@usdoj.gov