IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.: 1:06cr91-WHA |
| ) | |
| DEXTER LAMOND SMITH ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO EXCLUDE ANIME VIDEO AND EXPERT TESTIMONY REGARDING ANY MEANING WHICH MAY BE ATTACHED TO ITS EXISTENCE**

On October 23, 2006, the Government provided Dexter Smith with a disc containing a 24 minute animated ANIME cartoon which purportedly contains an image or scene involving a sixteen year-old female engaged in masturbation. Introduction of the ANIME video would constitute nothing other than impermissible "propensity" evidence under Federal Rule of Evidence 404(b). Apparently the Government concedes that this cartoon does not met the statutory definition of child pornography because, if it does, the Government violated the law when it provided the Defense with a copy of the video. Therefore, the Government must be offering the video to show something other than that Dexter Smith accessed child pornography on his home computer. However, the video is not admissible on any other ground.

First, if the video is not child pornography, which the parties agrees it is not, than it is irrelevant to any issue presented in this case. It is not probative evidence of any element of either charge, and its prejudicial effect on the jury would be substantially outweighed by any minimal probative value the Government could conjure. Therefore, permitting the Government to introduce the video would violate Federal Rules of Evidence 401, 402 and 403. Secondly, as noted, introduction of this evidence would constitute impermissible character evidence in violation of

Federal Rule of Evidence 404(b).

This issue was recently addressed by the Eighth Circuit which held that the introduction of such evidence at trial was not harmless error. In *United States v. Johnson*, 439 F.3d 884 (8th Cir. 2006), the Eighth Circuit considered whether the introduction of printed materials discussing the rape of young girls, articles which the defendant did not deny he knowingly possessed, was properly admitted at the defendant's trial for knowingly possessing and knowingly receiving child pornography. The Court held that it was not, and reversed the defendant's conviction. *Id*. at 889.

The case against the defendant was initiated when the defendant's ex-girlfriend gave the police three discs containing images of child pornography. The girlfriend had obtained the discs from the defendant's roommate who claimed that they contained child pornography. Police then obtained a search warrant for the defendant's residence, and while executing the search, seized two printed articles from the defendants bedroom. One of the fictional articles detailed the abduction and rape of a thirteen year-old female and the other detailed the incestuous rape of a fifteen year-old female. *Id*. at 885.

During the search, the police had also seized the defendant's computer which contained over 200 zip files containing child pornography. As his defense, Johnson asserted that the files were inadvertently downloaded while using an internet-based file-sharing program and that they were never viewed. At trial, the Government, pursuant to FRE 404(b), introduced the articles into evidence. The trial court overruled the defendant's objection to the evidence stating that 'the stories demonstrate the defendant's interest in and predisposition to possess child pornography." The trial court then instructed the jury that it could consider the evidence as proof the defendant's "inherent tendency to commit the acts charged in the Indictment." *Id*. at 886 (quoting the trial court decision).

On appeal, the Eighth Circuit reversed, holding that the introduction of the evidence was

error and that the error was not harmless. The defendant argued that the evidence was inadmissible because it was offered to prove his criminal disposition and was unfairly prejudicial. *Id*. at 887. As the Court noted, this type of "propensity evidence" is generally inadmissible because of the likelihood the jury will misuse it. *Id*. The Court cited the Rule which states that, "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed.R.Evid. 404(b).

While 404(b) does contain a number of permissible uses for prior bad act evidence, in this case, the Court concluded, it was offered to prove criminal disposition, an impermissible use of such evidence. Moreover, introduction of the evidence was overly prejudicial and such prejudice was not outweighed by its probative value. The government, citing the trial court, argued that the probative value of the evidence was that it demonstrated the defendant's predisposition to possess child porn as well as his "inherent tendency" to commit the charged crimes. However, as the defendant argued, the Court held such "propensity evidence" is clearly inadmissible and the trial court abused its discretion in permitting its introduction. *Id*

The Court rejected the government's argument that the evidence was offered to prove a lack of mistake because it showed the defendant's interest in children. *Id*. at 888. To the contrary, the Court reasoned, the evidence did little to rebut the defendant's claim that he inadvertently downloaded the images. What it did do was "encourage[] the jury to conclude that [the defendant] intentionally and knowingly sought out images of child pornography because he had a propensity to possess such evidence." *Id*. Thus, the Court concluded, it was error to admit it. *Id*. At 889.

Additionally, the error was not harmless as the evidence tending to prove knowing possession was not overwhelming. Thus, the Court recognized:

> To the extent the jury may have harbored doubts about whether

> Johnson knew the files he downloaded contained child pornography, there was no doubt he knowingly possessed the highly objectionable printed material. A vacillating juror, told to consider the stories as evidence of propensity or inherent tendency, may have concluded Johnson's possession of the stories was sufficient to bridge any doubts about whether he knowingly possessed the child pornography. Because we cannot say the improperly admitted evidence did not influence or had only a slight influence on the verdict, we conclude the error was not harmless.

*Johnson*, 439 F.3d at 889.

In this case, as in *Johnson*, the evidence against Dexter Smith is not over whelming. To the contrary, the Defense would argue that the evidence of knowing possession is virtually nonexistent. Morever, the introduction of this video would contradict Erwin Risher, the government's own expert witness. At the evidentiary hearing held on October 5, 2006, Mr. Risher testified as follows:

> Q: Did you also make a mirror image of Mr. Smith's home computer?
> A: I did.
> Q: And no images of child pornography were found on that computer; is that correct.
> A: That is correct.

(Evidentiary Hearing Transcript, pp: 44-45)

> Q: And so you talked about Number 1, which was Mr. Smith's personal computer.
> A. Right.
> Q: And neither of the two hard drives had child porn, correct?
> A. That's correct.

(Evidentiary Hearing Transcript, p. 48)

Because Mr. Risher has testified that there was no child pornography recovered from Dexter Smith's computer, the Government would be required to impeach its own witness in order to have this video admitted.

Following jury selection on October 24, 2006, the Court tentatively ruled that the Government could not introduce the video itself but could introduce testimony from Mr. Risher

regarding its existence and thus the jury would be permitted to draw inferences from its being stored on Dexter Smith's home computer. However, not only is the video itself inadmissible under FRE 404(b) but so is testimony regarding its mere existence. The only purpose for which the Government would offer such testimony is to prove that, on May 14, 2006, Dexter Smith was acting in conformity with this prior act. The Federal Rules of Evidence specifically preclude such evidence. Therefore, the Government should be precluded from introducing the video and any testimony concerning its existence.

                                                          Respectfully submitted,

Dated this 25th day of October 2006.

                                          s/Jennifer A. Hart
                                          **JENNIFER A. HART**
                                          FEDERAL DEFENDERS
                                          MIDDLE DISTRICT OF ALABAMA
                                          201 Monroe Street, Suite 407
                                          Montgomery, AL 36104
                                          Phone: (334) 834-2099
                                          Fax: (334) 834-0353
                                          jennifer_hart@fd.org
                                          AL Bar Code: HAR189

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: David Cooke, Assistant U. S. Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104.

Respectfully submitted,

s/Jennifer A. Hart
**JENNIFER A. HART**
FEDERAL DEFENDERS
MIDDLE DISTRICT OF ALABAMA
201 Monroe Street, Suite 407
Montgomery, AL 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
jennifer_hart@fd.org
AL Bar Code: HAR189