IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | Case No.: 1:06cr91-WHA |
| ) | |
| **DEXTER LAMOND SMITH** ) | |

**RENEWED MOTION TO DISMISS INDICTMENT**[1]

COMES NOW the Defendant, **DEXTER LAMOND SMITH**, by and through undersigned counsel, Jennifer A. Hart, and pursuant to *Federal Rule of Criminal Procedure* 16, as well as this Court's Standing Order on Criminal Discovery, moves this Court to dismiss the Indictment.

**Discussion**

On April 5, 2006, Dexter Smith was charged in a two count indictment with offenses involving the receipt/possession of child pornography. Count One charges that Mr. Smith knowingly received imagines of child pornography, in violation of 18 U.S.C. Sec. 2252(a)(2). Count Two charges that Mr. Smith knowingly possession child pornography on a government computer, in violation of 18 U.S.C. Sec. 2252A(a)(5)(A).

On June 9, 2006, the Government provided Dexter Smith with 65 pages of discovery. The discovery revealed that the investigation in this case began when Thomas Barrett, Director of

---

[1] On October 24, 2006, at the conclusion of jury selection, Dexter Smith moved to dismiss the Indictment based on the Government's untimely production of an animated video. The Court denied that motion. Due to the unexpected absence of the undersigned counsel the motion was argued by First Assistant Federal Defender Kevin Butler. Mr. Butler was unaware of the existence of a pattern of discovery violations by the Government in this case. Because Mr. Butler was not familiar with all of the facts addressed herein, Dexter Smith respectfully renews his Motion to Dismiss.

1

Information Management at Fort Rucker, received the report from Theatre Network Operations at Ft. Huachuca, Arizona stating that a computer connected to the internet through a TSAC account assigned to Leonard DeJesus was showing a "malicious code". This email message was not provided to the Defense in discovery.

Additionally, the discovery contained a statement by Information Management Officer Daniel Bateman concerning the actions he took to identify the computer involved and his subsequent recovery of the computer's deleted files and ultimate discovery of imagines of child pornography. Bateman states that, during his examination of the computer, he learned that the temporary internet directory had been deleted but that the "cookies" remained. He sorted the cookies by access date and printed two copies of the list of cookies appearing during the time frame involving the "malicious code". This cookie list was not provided to the Defense in the initial discovery.

Also in the discovery was a statement by Dexter Smith followed by what appears to be a written account of an interview of Mr. Smith by CID Special Agent Crystal Stokes. In the narrative portion of the statement, Dexter Smith alleges that he received email messages from unknown sources which contained links to child pornography websites, then after clicking on these links he discovered the images, and that he then attempted to close the sites and report them to Microsoft. None of these email messages were produced in discovery.

While analyzing the documents provided in discovery, it became apparent that an examination of both the "malicious code" email, as well as any email messages sent or received by Dexter Smith, were going to be crucial to Mr. Smith's case and his theory of defense. Perhaps more importantly though was the list of cookies prepared by Daniel Bateman for that list represented the means by which the government might be able to link the recovered pornographic images with a

particular website, accessed at a particular time, a time during which Dexter Smith was working and a time at which the offenses are alleged to have occurred. Therefore, Dexter Smith contacted the government and requested that he be provided with copies of all emails as well as the cookie list prepared by Bateman.

On August 7, 2006, the Government responded that there were no emails in the case file, but on that same date, the government did produce the cookie list prepared by Bateman and provided to the Court at the October 5, 2006 evidentiary hearing.

After having informed the defense there were no emails in the government's possession, a couple of days prior to the previously scheduled trial date of September 16, 2006, the government advised the defense via telephone that SA Ruth Prevear told government counsel that she recalled that Mr. Smith, in an interview given over a year ago, had initially told her that he had deliberately exchanged emails with his friends that he knew contained imagines of child pornography. The statement given by Mr. Smith days after the incident, the statement which was reduced to writing and produced in discovery, represented, she claimed a "changed story" and did not reflect the story that Dexter Smith had given her upon initial questioning. The first time the Defense was made aware of the Prevear version of events was in the middle of September 2006.

In October 2006, this Court directed the government to file a brief in which it was to set forth the elements of each charged defense and the evidence the government intended to offer to prove each element. The government filed its initial trial brief on October 2, 2006. In it's brief, the government stated: "CID Agents Crystal Stokes and Ruth Prevear interviewed Leverette and the defendant...[and that] the defendant immediately confessed to accessing child porn cites, and receiving emails from his friends that contained links to child porn websites." In a footnote, the

3

government added, "the defendant later changed his story to say that he did not know who sent him the links to the child pornography." (Government's Trial Brief, p. 3, para. 11, fn. 2).   There is absolutely no evidence to support this fiction about a changed story.  Again, no emails were recovered.  Additionally, there was no mention of this "changed story" in any of the Investigative Reports prepared by Stokes, Prevear and the FBI.  Such emails were requested and the defense was told none existed.  The defense has not discovered evidence to the contrary.

However, the defense was able to obtain the initial "malicious code" email which was sent to Information Management Officer Thomas Barrett; and email, the defense was informed did not exist.  Dexter Smith subpoenaed Mr. Barrett to appear at trial in hopes to discover exactly how this investigation began.   After receiving the subpoena, Mr. Barrett telephoned undersigned counsel to inquire as to the reason for the subpoena (he did not specifically remember the Dexter Smith case).  Mr. Barrett was advised by defense counsel that she believed that Mr. Barrett had received a message from Arizona alerting him to the problem to one of the government's computer.  Within a matter of minutes, Mr. Barrett provided defense counsel with the original email.  This email established that there were serious problems with the government computer and also established that the computer had not been appropriately equipped with anti-virus update which might have prevented the problem.  This email was received by the Defense on October 11, 2006.  It was provided to the government by defense counsel two days later.

The email and cookie lists were not the only items which the government failed to timely produce.  Investigative Reports in the initial discovery revealed that the FBI possessed reports concerning interviews of Dexter Smith's wife and children.  The children had been interviewed by the Social Worker or psychologist to ascertain whether the children had been abused or seen images

4

of child pornography on Mr. Smith's home computer. The investigation revealed that none of the children had been abused or exposed to any kind of pornography.

The FBI report concerning these interviews was not produced in discovery. Because Mr. Smith believed that the report contained exculpatory evidence, he requested that the government produce the documents. The government informed the defense that the documents could not be located. In response, Mr. Smith filed a *Motion to Compel* the government to produce the report, alleging a violation of *Brady*. The government "found the report the same day and turned it over to the defense." The government's discovery violation did not stop there.

Monday, the Government provided Mr. Smith with additional discovery. Documents provided include time record which reflect that Dexter Smith and Korento Leverette worked the night shift - from 10:00 p.m. to 6:00 a.m. Mr. Smith has no objection to the introduction of these documents and has informed the Government that he will not object to their admission even in the absence of testimony from the evidence custodian.

The Government also provided a disc containing a 24 minute animated ANIME cartoon which purportedly contains an image or scene involving a sixteen year-old female engaged in masturbation. The existence of this video contradicts the forensics report prepared by the government's expert and his testimony at the evidentiary hearing.

Each time the Government produced additional, late discovery, the Defense was forced to re-evaluate and readjust its trial strategy and theory of the case. In essence, Dexter Smith has been subjected to trial by ambush. Such conduct on behalf of the Government has interfered with Dexter Smith right to a fair and speedy trial. Accordingly, the Indictment against Mr. Smith should be dismissed with prejudice.

Respectfully submitted,


s/Jennifer A. Hart
**JENNIFER A. HART**
FEDERAL DEFENDERS
MIDDLE DISTRICT OF ALABAMA
201 Monroe Street, Suite 407
Montgomery, AL 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
jennifer_hart@fd.org
AL Bar Code: HAR189

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 25, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David Cooke.

      Respectfully submitted,

      s/Jennifer A. Hart
      **JENNIFER A. HART**
      FEDERAL DEFENDERS
      MIDDLE DISTRICT OF ALABAMA
      201 Monroe Street, Suite 407
      Montgomery, AL 36104
      Phone: (334) 834-2099
      Fax: (334) 834-0353
      jennifer_hart@fd.org
      AL Bar Code: HAR189