IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Case No.: 1:06cr91-WHA |
| | ) | |
| **DEXTER LAMOND SMITH** | ) | |

### DEFENDANT'S REQUESTED JURY INSTRUCTIONS

**NOW COMES** the Defendant, Dexter Lamond Smith, by and through undersigned counsel, Michael J. Petersen, and respectfully requests that this Court give the attached Jury Instruction to the jury in the above-styled case.

**WHEREFORE**, Defendant respectfully requests that this Motion be granted.

Respectfully submitted,

S/Michael J. Petersen
**MICHAEL J. PETERSEN**
FEDERAL DEFENDERS
MIDDLE DISTRICT OF ALABAMA
201 Monroe Street, Suite 407
Montgomery, AL 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
michael_petersen@fd.org
AL Bar Code: ASB-5072-E48M

## DEFENDANT'S REQUESTED JURY INSTRUCTION 15

### THEORY OF THE DEFENSE INSTRUCTION

The defendant is charged in Count 2 of the indictment with possession of child pornography in violation of Section 2252(A)(5)(a) of Title 18 of the United States Code . In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

    First, that the defendant knowingly possessed a computer with a hard drive which the defendant knew contained visual depictions of one or more minor[s] engaged in sexually explicit conduct;

    Second, the defendant knew each visual depiction contained on the computer hard drive showed a minor engaged in sexually explicit conduct;

    Third, the defendant knew that production of such visual depictions involved use of a minor in sexually explicit conduct; and

    Fourth, that each visual depiction had been either

        a) transported in interstate or foreign commerce, or
        b) produced using material that had been transported in interstate or foreign commerce by computer.

"Visual depiction" includes undeveloped film and video tape, and data that has been stored on computer disk or data that has been stored by electronic means and that is capable of conversion into a visual image.

A "minor" is any person under the age of 18 years.

"Sexually explicit conduct" means actual or simulated sexual intercourse, bestiality, masturbation, sadistic or masochistic abuse, or lascivious exhibition of the genitals or pubic area of any person.

"Producing" means producing, directing, manufacturing, issuing, publishing, or advertising.

**Comment**

    Prior to 1998, *18 U.S.C. § 2252*(a)(4) required the possession of at least three visual depictions before an offense had occurred. As part of the Protection of Children From Sexual Predators Act of 1998, Congress amended section 2252(a) to prohibit possession of one visual depiction. At the same time, Congress added *18 U.S.C. § 2252*(c) , which provides an affirmative defense when, under certain circumstances, the defendant possessed "less than three matters containing any visual depiction." If such a defense has been raised, care should be taken

in revising the instruction so that the jury is not confused.

The definitions of "minor," "sexually explicit conduct," "producing," and "visual depiction" are derived from *18 U.S.C. § 2256*(1), (2), (3) and (5) , respectively. Interstate or foreign commerce is defined by *18 U.S.C. § 10* . "Matter" is a physical media capable of containing images such as a computer hard drive or disk. *United States v. Lacey, 119 F.3d 742, 748 (9th Cir. 1997)* .

*See Lacey, 119 F.3d at 748* (Jury instruction for possession of child pornography must include as an element whether defendant knew the "matter" in question contained unlawful visual depictions; such a depiction may be "produced" when a defendant downloads visual depictions from the internet).

*See United States v. Romm,* 455 F.3d 990 (9th Cir. 2005) (Holding that To "possess" the images in a computer cache, a defendant must, at a minimum, know that unlawful images are stored on a disk or other tangible material in his or her possession.)

Undeveloped film may constitute a "visual depiction," *United States v. Smith, 795 F.2d 841 (9th Cir. 1986)* , as well as computer graphic interchange format (GIF) files from which pornographic images could be retrieved. *See United States v. Hockings, 129 F.3d 1069 (9th Cir. 1997)* .

*Free Speech Coalition v. Reno, 198 F.3d 1083 (9th Cir. 1999)* , sets forth a legislative history of the various federal acts dealing with child pornography.

*United States v. Terebecki*, 692 F.2d 1345, 1351 (11th Cir. 1982) (The "defendant is entitled to have the court instruct the jury on his defense theory, 'assuming that the theory has foundation in the evidence and legal support.' *United States v. Conroy*, 589 F.2d 1258, 1273 (5th Cir. 1979).").

### DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 12

### ON OR ABOUT - KNOWINGLY - WILLFULLY

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of ignorance, mistake or accident.

The word 'willfully," as that term has been used from time to time in these instructions, means that the act was committed knowingly, voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

**Authority**:  Eleventh Circuit Pattern Jury Instructions Criminal, Basic Instruction 9.1 (1997) (modified); Staples v. United States, 114 S.Ct. 1793, 1796, (1994) (requirement to instruct as to "knowingly"); Ratzlaf v. United States, 114 S.Ct. 655, 657(1994) (requirement to instruct as to meaning of "willfully").

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 13

### CAUTION -- PUNISHMENT

I caution you, members of the jury, that you are here to determine from the evidence in this case whether this defendant is guilty or not guilty.  The defendant is on trial only for the specific offense alleged against him in the Indictment.  The defendant is not on trial for any act or any conduct not specifically charged in the Indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case.  If the defendant is convicted, the matter of punishment is for the Judge to determine.  However, you may consider punishment faced by a cooperating witness as part of that witness' motive and as part of the impeachment of that witness' testimony.  In other words, you can consider the punishment that he is facing if he did not testify in this case or did not cooperate with the Government.

**Authority:**   *Pattern Jury Instructions*, Basic Instruction No. 10.2, U.S. Eleventh Circuit, District Judges Association (1997) (modified); Circuit Judge Carnes' Instructions in *United States v. Forbes*, D.C. 95-141-S; District Judge Thompson's Instructions in *United States v. Derek Elliott,* D.C. 96-143-S (Defendant's Requested Jury Instruction No. 16 - granted).

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 14

## INTRODUCTION TO OFFENSE INSTRUCTIONS

The instructions I have given you so far are ones I give in every criminal case, and which apply in this case as well. I will now instruct you on the law that is specifically applicable to the offense charged in this case.

**Authority**:   <u>Eleventh Circuit Pattern  Jury Instructions Criminal</u>, Basic Instruction No. 8, (1997).

## DEFENDANT'S REQUESTED JURY INSTRUCTION 15

### THEORY OF DEFENSE INSTRUCTION

[Defendant Smith's theory of defense instruction will be added here following the close of the defense case.]

*United States v. Terebecki*, 692 F.2d 1345, 1351 (11th Cir. 1982) (The "defendant is entitled to have the court instruct the jury on his defense theory, 'assuming that the theory has foundation in the evidence and legal support.' *United States v. Conroy*, 589 F.2d 1258, 1273 (5th Cir. 1979).").

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 16

### DUTY TO DELIBERATE

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict, you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way, you are judges -- judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

**Authority:**    Eleventh Circuit Pattern  Jury Instructions Criminal, Basic Instruction No. 11 (1997).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 17

## **NO BURDEN TO PRESENT EVIDENCE**

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence. The prosecution has the burden at all times to produce evidence of the alleged charge, which convinces you of guilt beyond a reasonable doubt. If the prosecution fails to produce such proof beyond a reasonable doubt of any of the elements of any of the crimes alleged and charged, you must find the defendant not guilty of that crime. The defendant is under no obligation at any time to produce any evidence.

**Authority:**   Federal Jury Practice and Instructions, Devitt, Blackmar, Wolff and O'Malley, §15.14 (1992) (modified); United States v. Richardson, 764 F.2d 1514, 1529 (11th Cir.), cert. denied, sub.nom. Crespo - Diaz v. United States, 474 U.S. 952 (1985).

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 18**

**<u>EVIDENCE ADMITTED FOR LIMITED PURPOSE</u>**

In certain instances evidence may be admitted only for a particular purpose and not for all purposes. For the limited purpose for which such evidence has been received you may give it such weight as you feel it deserves. You may not, however, use this evidence for any other purpose.

**Authority:** <u>Federal Jury Practice and Instructions</u>, Devitt, Blackmar, Wolff and O'Malley, §11.09 (modified).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 19

### UNANIMITY

The indictment charges the Defendant with a violation of the United States Code.

Before a determination may be made as to whether the evidence proves beyond a reasonable doubt that the defendant is guilty of the charge in the indictment, the jurors must determine whether or not each juror agrees with each of the other jurors as to whether or not each of the elements of the crime have been proven beyond a reasonable doubt and that all agree on what proof of what conduct does or does not establish each of those elements.

As to each Count in the indictment, unless the government has proven the same acts and intent and the same means or method to each of you, beyond a reasonable doubt, you must acquit the Defendant of the crime charged in that count.

**Authority:**  Federal Jury Practice and Instructions, Devitt, Blackmar, Wolff and O'Malley, §13.07 (modified).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 20

### LESS SATISFACTORY EVIDENCE

If a party offers weaker or less satisfactory evidence when stronger and more satisfactory evidence could have been produced at trial, you may, but are not required to consider this fact in your deliberations.

You must remember, however, that the defendant is not obliged to produce any evidence or to call any witnesses.

**Authority:**   Federal Jury Practice and Instructions, Devitt, Blackmar, Wolff and O'Malley, §14.14.

Respectfully submitted,

<u>s/Jennifer A. Hart</u>
**JENNIFER A. HART**
FEDERAL DEFENDERS
MIDDLE DISTRICT OF ALABAMA
201 Monroe Street, Suite 407
Montgomery, AL 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
jennifer_hart@fd.org
AL Bar Code: HAR189

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: David Cooke, Assistant U. S. Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104.

        Respectfully submitted,

        s/Jennifer A. Hart
        **JENNIFER A. HART**
        FEDERAL DEFENDERS
        MIDDLE DISTRICT OF ALABAMA
        201 Monroe Street, Suite 407
        Montgomery, AL 36104
        Phone: (334) 834-2099
        Fax: (334) 834-0353
        jennifer_hart@fd.org
        AL Bar Code: HAR189